IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Ronald Brockenbaugh, also known as Ronald Brockenbaugh, Jr., ) ) ) | |
| Plaintiff, ) ) | C.A. No. 1:19-1971-HMH |
| vs. ) ) | **OPINION AND ORDER** |
| Federal Bureau of Prisons, Warden Mosley, Dr. Walton-Battle, Dr. Kelley, Charles Thomas RN, D. Wates PA, and Ms. Eldred APA - FCI Edgefield, S.C., and their employees, ) ) ) ) ) ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Ronald Brockenbaugh ("Plaintiff"), a federal prisoner proceeding pro se and in forma pauperis, filed this action against Defendants Warden Mosley ("Mosley"), Dr. Walton-Battle, Dr. Kelley, Charles Thomas, D. Wates ("Wates"), Ms. Eldred ("Eldred"), and the Federal Bureau of Prisons ("BOP") (collectively "Defendants") pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Compl., generally, ECF No. 1.) Plaintiff alleges claims for deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments, arguing that he received inadequate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

medical care while incarcerated. (Id., ECF No. 1.) Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on November 26, 2019. (Mot. Summ. J., ECF No. 21.) In her Report and Recommendation filed on March 17, 2020, Magistrate Judge Hodges recommends granting Defendants' motion for summary judgment. (R&R, generally, ECF No. 32.)

Plaintiff filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean three specific objections. Plaintiff objects to the magistrate judge's conclusions that (1) Plaintiff's FTCA claim fails because Plaintiff did not file an affidavit from an expert witness, (2) Plaintiff failed to exhaust his administrative remedies prior to bringing his Bivens claim, and (3) Wates, Eldred, and Mosley were not deliberately indifferent to Plaintiff's serious medical needs.

## I. FTCA

First, Plaintiff argues that his FTCA claim should not fail due to the lack of an affidavit from an expert witness. (Obj. 9, ECF No. 40.) Plaintiff is required to submit an affidavit from

an expert witness when filing a medical malpractice claim against the United States under the FTCA.  See S.C. Code Ann. § 15-36-100; Rodgers v. Glenn, Civil Action No. 1:16-16-RMG, 2017 WL 1051011, at *4 (D.S.C. Mar. 20, 2017) (unpublished).  Failure to do so results in dismissal of the complaint.  See Allen v. United States, No. 2:13-cv-2740-RMG, 2015 WL 1517510, at *3 (D.S.C. Apr. 1, 2015) (unpublished).

It is undisputed that Plaintiff did not file an affidavit from an expert witness.  However, Plaintiff argues that, "[a] medical expert's testimony is not requir[e]d where a lay person, relying on common knowledge and experience, can find that the harm would not have occurred in the absence of negligence."  (Obj. 9, ECF No. 40 (citing Rivers v. State, 537 N.Y.S.2d 968 (N.Y. Ct. Cl. 1989), *rev'd*, 552 N.Y.S.2d 189 (N.Y. App. Div. Mar. 1, 1990).)  S.C. Code Ann. § 15-36-100(C)(2) codifies a common knowledge exception and provides that "[t]he contemporaneous filing requirement . . . is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant."  Thus, the court must determine whether Plaintiff's cause of action sounds in medical malpractice or ordinary negligence.

Plaintiff asserts that it took Defendants about one year to find an "actual working treatment" for him which forced him to "live with intolerable pain" and was a disregard for his health.  (Compl. ¶¶ 39, 41, ECF No. 1.)  This claim is inherently based on Defendants' decisions regarding Plaintiff's medical care and treatment plan and consequently requires the

3

establishment of a standard of care.[2] See Dawkins v. Union Hosp. Dist., 758 S.E.2d 501, 504 (S.C. 2014) (distinguishing between medical malpractice and negligence actions and stating that "if the patient . . . receives nonmedical, administrative, ministerial, or routine care, expert testimony establishing the standard of care is not required, and the action instead sounds in ordinary negligence.") (internal quotation marks omitted).  Therefore, Plaintiff's FTCA claim is dismissed without prejudice for failure to file an affidavit from an expert witness.

## II. Bivens

### A. Exhaustion of Administrative Remedies

Second, Plaintiff objects to the magistrate judge's conclusion that summary judgment should be granted for Defendants on Plaintiff's Bivens claim because Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).  (Obj. 8-9, ECF No. 40.)  To bring a Bivens action, prisoners are required to exhaust every level of administrative review. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90 (2006) (satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing *so properly*.").

In the instant matter, Plaintiff exhausted several steps in the administrative review process.  However, Plaintiff failed to appeal a regional director's response to general counsel as required.  28 C.F.R. § 542.15(a); (Compl. Attach. 1 (Supp. Docs. 9), ECF No. 1-1.)  General counsel appeals must be submitted within thirty days "of the date the Regional Director signed the response."  § 542.15(a).  The regional response in the instant matter was signed and dated on October 18, 2017.  (Compl. Attach. 1 (Supp. Docs. 9), ECF No. 1-1.)  Plaintiff did not file an

---

[2] To the extent that Plaintiff bases his FTCA claim on Wates, a physician's assistant, and Eldred, a registered nurse, not referring him to a physician for treatment in a timely manner, such claim is also a question of Defendants' medical decision making and treatment.

4

appeal to general counsel until November 22, 2017, thirty-five days after the regional response. (Id. (Supp. Docs. 7-8), ECF No. 1-1.)  Therefore, because Plaintiff failed to submit his appeal within the thirty-day time limit, Plaintiff's arguments that he exhausted all administrative remedies and that the reason for the delay was the mailing service are without merit.  Even considering the mailing delays, Plaintiff had ample time to submit his appeal.  Therefore, this objection is without merit.  However, in light of the mailing delays and out of an abundance of caution, the court will address the merits of Plaintiff's objections regarding his Bivens claim.

### B. Wates, Eldred, and Mosley

Third, Plaintiff argues that Wates and Eldred were deliberately indifferent to his serious medical needs by not referring him to a physician in a timely manner when he informed them of the severity of his pain from sciatic nerve damage.  (Obj. 1-5, ECF No. 40); (Compl. ¶¶ 7, 10, ECF No. 1.)  However, Plaintiff acknowledges that he was repeatedly treated for his pain. (Compl. ¶¶ 8-21, ECF No. 1.)  He had multiple visits with medical personnel and, over several months, received an x-ray, a foot cast, crutches, stretching exercises, a recommendation of ibuprofen, four prescription medications, and a cane.  (Id. at ¶¶ 8, 10, 12-14, 18-21, ECF No. 1.) Moreover, Plaintiff was subsequently treated by multiple physicians.  (Id. at ¶¶ 15-17, ECF No. 1.)  Treatment by a registered nurse and physician's assistant, along with subsequent treatment by a coordinating physician, is more than constitutionally adequate.  At most, Plaintiff's claim reflects his disagreement with the course of treatment he received.  Plaintiff does not have a right to choose a specific type of treatment and to receive it at the time of his choosing.  See Hinton v. Md. State Penitentiary, No. 87-6658, 1987 WL 30252, at *1 (4th Cir. Dec. 17, 1987) (unpublished); Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).  Based on the foregoing,

Plaintiff has failed to raise a genuine issue of material fact regarding Wates, Eldred, and Mosley being deliberately indifferent and his objection is without merit.

Moreover, Plaintiff argues that Mosley, the warden, is responsible because she oversees all departments and was deliberately indifferent by not referring him to a physician in a timely manner. (Obj. 5, ECF No. 40.) To succeed on a supervisory liability claim under Bivens, a plaintiff must show

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[]; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and citations omitted). Plaintiff cites no evidence sufficient to raise any genuine issue of material fact with respect to any of these elements. Consequently, this objection is without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 21, is granted.

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
June 5, 2020

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.